

FILED

JUL 15 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    )        Case No. 05-25912-C-7
                                         )
ROMEO T. LORICO and                      )
LORNA D. LORICO,                         )        DC. No. RLS-1
                                         )
            Debtors.                     )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered
in this contested matter pursuant to Federal Rule of Civil
Procedure 52 as incorporated by Federal Rules of Bankruptcy
Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a
core proceeding.  28 U.S.C. § 157(b)(2)(G).


<u>Findings of Fact</u>

Debtors filed their voluntary chapter 7 petition on May
16, 2005.  They scheduled a 2000 BMW ("vehicle") as property of
the estate.

On June 14, 2005, Union Acceptance Corporation c/o Systems
& Services Technologies, Inc. ("movant") filed a motion,
notice, and declaration requesting that this court terminate
the automatic stay to permit movant to repossess the vehicle.
Movant's proof of service states that debtors are pro se.

Movant served only the debtor, the trustee, and the United States Trustee.

The court notes that although debtors were pro se when they filed their voluntary petition, the case docket indicates that a Substitution of Attorney was filed on June 9, 2005, substituting William E. Kruse, Esq. of the Law Offices of Kruse & Associates in the place of debtors.

A hearing was scheduled for July 12, 2005 at 9:30 a.m. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

<u>Conclusions of Law</u>

Federal Rule of Bankruptcy Procedure 9014(b) requires that a motion initiating a contested matter "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b).

Federal Rule of Bankruptcy Procedure 7004(b)(9) provides, in pertinent part, that service may be made upon the debtor by mailing a copy of the summons and complaint to the debtor ... and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address. Fed. Rules Bankr. Proc. Rule 7004(b)(9).

Because debtors' attorney was not served, the motion will be denied.

Dated: July 15, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

2

**CERTIFICATE OF SERVICE**

      On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Charles W. Martell
506 Deloro Court
Suisun, CA 94585

Timothy Walsh
1319 Travis Boulevard
Fairfield, CA 94533

Prem N. Dhawan
P.O. Box 965
Benicia, CA 94510

Travis Credit Union
c/o Law Offices of E. Bradley Nelson
555 Mason Street, Suite 290
Vacaville, CA 95688-4637

Office of the United States Trustee
United States Courthouse
501 I St., Ste. 7-500
Sacramento, CA  95814

Dated: 7/15/05

_____
Deputy Clerk

Margaret Starr